IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD E. SANDLASS,                    *

      Plaintiff,                          *

v.                                      *        Civil Action No.: RDB-06-771

SEARS, ROEBUCK AND CO.                  *

      Defendant.                          *

*        *        *        *        *        *        *        *        *        *        *        *        *

MEMORANDUM OPINION

      This action arises from a Complaint filed by Plaintiff Richard Sandlass ("Sandlass" or "Plaintiff") against Defendant Sears, Roebuck and Co. ("Sears" or "Defendant").  Plaintiff alleges that he was wrongfully discharged in retaliation for filing a workmen's compensation claim after he was injured in the workplace.  Plaintiff originally filed his Complaint in the Circuit Court for Harford County, Maryland, but Defendant removed the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Currently pending before this Court is Plaintiff's Motion for Remand, which asserts that this action is a non-removable action under 28 U.S.C. § 1445(c).  The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, Plaintiff's Motion for Remand is DENIED.

BACKGROUND

      Sandlass was employed by Sears as an assistant store manager in one of Sears' Harford County retail stores.  On May 14, 2003, he was injured while attempting to perform cardio pulmonary resuscitation (CPR) on a fellow employee.  Allegedly against the wishes of his supervisor, Keith Kiah, Plaintiff filed a workmen's compensation claim with the Maryland

Workers' Compensation Commission ("MWCC") on July 25, 2003, seeking temporary total disability payments to compensate him for his injuries.  On December 4, 2003, the same day as his hearing before the MWCC, Sears sent Sandlass a letter terminating his health and medical benefits.  On December 9, 2003, the MWCC ordered Defendant to pay Plaintiff total disability payments for his injuries.  Plaintiff alleges that on December 11, 2003, he discovered that Defendant had terminated his employment, but alleges that the termination had been backdated to June 8, 2003.

On March 2, 2006, Plaintiff filed a one-count Complaint against Defendant in the Circuit Court for Harford County, Maryland.  The Complaint alleges that Plaintiff was wrongfully discharged in retaliation for exercising his right to request workmen's compensation benefits for an injury he sustained in the workplace.  On March 24, 2006, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that this Court had jurisdiction over the matter based on diversity of citizenship under 28 U.S.C. § 1332.[1]  On April 18, 2006, Defendant filed its Answer to Plaintiff's Complaint.  On May 3, 2006, forty days after Defendant removed the case to this Court, Plaintiff filed the subject Motion for Remand presently pending before this Court (Paper No. 13).  Plaintiff asserts that his claim for wrongful discharge "arises under" Maryland's workmen's compensation laws, and is therefore a non-removable action under 28 U.S.C. § 1445(c), which provides that "[a] civil action in any State court arising under the

---

[1]     All elements of diversity jurisdiction as laid out in 28 U.S.C. § 1332(a) are met in this case.  Damages requested in this case total $250,000, exceeding the $75,000 minimum. (Not. of Removal ¶ 2.d.)  Plaintiff is a resident of Sussex County, Delaware.  (Compl. ¶ 1.) Defendant is a New York corporation with its principal place of business in Hoffman Estates, Illinois.  (Not. of Removal ¶ 2.b.)  Thus, diversity of the parties exists and jurisdiction is appropriate under 28 U.S.C. § 1332(a).

workmen's compensation laws of such State may not be removed to any district court of the

United States."  Accordingly, Plaintiff claims that 28 U.S.C. § 1445(c) bars this Court from

hearing the claim and that the case should be remanded back to the Circuit Court for Harford

County, Maryland, pursuant to 28 U.S.C. § 1447.

On May 17, 2006, Defendant filed its Opposition to Plaintiff's Motion for Remand, to

which Plaintiff filed no reply.  (Paper No. 16.)  Defendant asserts that this case should not be

remanded back to the Circuit Court for Harford County for two reasons: (1) Plaintiff's claim for

wrongful termination is a tort separate from Maryland's workmen's compensation laws, so 28

U.S.C. § 1445(c) does not apply; and (2) Plaintiff's right to seek remand of the case under 28

U.S.C. § 1447(c) was waived when he failed to file his motion to remand within the thirty-day

period required by the statute.

## STANDARD OF REVIEW

The burden of establishing federal jurisdiction rests with the party seeking removal.  *In re

Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583-84 (4th Cir. 2006) (citing *Mulcahey v.

Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)).  Removal jurisdiction

raises "significant federalism concerns," and therefore must be strictly interpreted.  *See Dixon v.

Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at

151).  In other words, "'[i]f federal jurisdiction is doubtful, a remand [to state court] is

necessary.'"  *Dixon*, 369 F.3d at 816 (alterations in original) (quoting *Mulcahey*, 29 F.3d at 151

(citations omitted)).  This strict policy against removal and for remand protects the sovereignty

of state governments and state judicial power.  *See Syngenta Crop Prot., Inc. v. Henson*, 537

U.S. 28, 32 (U.S. 2002) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09

(1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).

DISCUSSION

**I.      Claim "Arises Under" Maryland Workers' Compensation Laws**

Pursuant to 28 U.S.C. § 1445(c), "[a] civil action . . . arising under the workmen's compensation laws of [any] state may not be removed to any district court of the United States." Plaintiff claims that his suit for wrongful and retaliatory discharge "arises under" the workmen's compensation laws of the state of Maryland, making this suit a non-removable action under 28 U.S.C. § 1445(c) and subject to remand under 28 U.S.C. § 1447.  (Pl.'s Mot. Remand 2.)  Sears claims that Sandlass' allegation of wrongful or retaliatory discharge does not arise under the workmen's compensation laws of Maryland as it is an independent tort with roots in common law.  (Def.'s Opp'n Mot. Remand 5-6.)  Thus, Defendant concludes, this action does not fall under 28 U.S.C. § 1445(c) and was properly removable.  (*Id.*)

This Court previously addressed this exact issue in *Roberts v. Citicorp Diners Club, Inc.*, 597 F. Supp. 311 (D. Md. 1984).  In that case, the plaintiff sued his former employer for a retaliatory and wrongful discharge after filing for workmen's compensation benefits.  *Id.* at 311. Section 39(a) of Maryland Code Article 101 made it a crime to discharge an employee based on the fact that he or she filed a workers' compensation claim.  Md. Ann. Code art. 101, § 39(a) (1957).[2]  This Court determined that the plaintiff's civil remedy for a wrongful and retaliatory discharge was implied within section 39(a) of Article 101.  *Roberts*, 597 F. Supp. at 314-15. Accordingly, this Court held that the cause of action asserted by the plaintiff arose under the

---

[2] Md. Ann Code art. 101, § 39(a) has since been replaced by Md. Code Ann, Lab. & Empl. § 9-1105, which makes it a crime to discharge any covered employee solely because the covered employee files a claim for workmen's compensation.

4

workers' compensation laws of Maryland pursuant to 28 U.S.C. § 1445(c).  *Id.*  In *Pope v. Bethesda Health Ctr., Inc.*, 813 F.2d 1306, 1308 (4th Cir. 1987), the U.S. Court of Appeals for the Fourth Circuit "d[id] not question the correctness of *Roberts.*"

The facts in the present case are on all fours with those in *Roberts*.  Here, as in *Roberts*, Sandlass asserts a cause of action for wrongful and retaliatory discharge, claiming that his employer fired him in retaliation for filing for workmen's compensation benefits.  As in *Roberts*, Plaintiff contends that his cause of action arises under the workmen's compensation laws of Maryland.  Accordingly, consistent with the opinion in *Roberts*, this Court holds that Sandlass' claim arises under the workmen's compensation laws of Maryland and is a non-removable action under 28 U.S.C. § 1445(c).  As Plaintiff's claim was improperly removed, it is subject to remand under 28 U.S.C. § 1447(c).  The question now becomes whether Plaintiff waived his right to remand by filing his Motion for Remand more than thirty days after the notice of removal pursuant to 28 U.S.C. § 1447(c).

## II.    Waiver of Remand

Defendant asserts that Plaintiff waived his right to have the case remanded back to state court when he failed to file his motion within the thirty-day period prescribed by 28 U.S.C. § 1447(c).  (Def.'s Opp'n Mot. Remand 2-3.)  28 U.S.C. § 1447(c) states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

If this Court lacks the subject matter jurisdiction over Plaintiff's claim, then he could file a motion to remand at any time under 28 U.S.C. § 1447(c).  However, if Defendant's removal to

this Court was merely a procedural defect, Plaintiff waived his right to seek remand by filing the instant Motion forty days after removal.  Accordingly, the main inquiry before this Court is whether the removal of Plaintiff's case was merely a procedural defect.

The Fourth Circuit has yet to decide whether removal of claims arising under state workmen's compensation laws is a procedural defect or whether district courts lack subject matter jurisdiction over such claims entirely.  However, this Court has previously held that the wrongful removal of claims arising under workmen's compensations laws is a procedural defect, such that a party's objection to removal is waived after thirty days.  *Ayers v. ARA Health Servs., Inc.*, 918 F. Supp 143, 146-47 (D. Md. 1995).  This Court found that "[t]he first sentence of § 1447(c) is clearly applicable to the removal of claims arising under workers' compensation laws, because the removal of such a claim is merely a defect in procedure and does not affect subject matter jurisdiction which otherwise exists."  *Id.* at 146.  In *Ayers*, subject matter jurisdiction was independently established based on diversity of citizenship under 28 U.S.C. § 1332.  *Id.* at 147.

Other Circuits have adopted reasoning similar to *Ayres*.  For example, the U.S. Court of Appeals for the Fifth Circuit has held that the wrongful removal of cases arising under workers' compensation laws constituted a defect in procedure and that by not filing a motion for remand within the prescribed thirty-day period, a plaintiff waives his right to do so.  *Williams v. AC Spark Plug Div. of Gen. Motors Corp.*, 985 F.2d 783, 788 (5th Cir. 1993); *Sherrod v. American Airlines*, 132 F.3d 1112, 1117 (5th Cir. 1998) (citing *Williams*, 985 F.2d at 786).  The U.S. Court of Appeals for the Ninth Circuit addressed a slightly different question in *Vasquez v. N. County Transit Dist.*, because the plaintiff's claim was originally filed in federal district court and had not been removed from state court.  Nonetheless, the court held that when 28 U.S.C. § 1445(c)

6

does apply, "its bar against removal of workers' compensation claims is nonjurisdictional and may be waived."  292 F.3d 1049, 1062 (9th Cir. 2002) (citing *Williams*, 985 F.2d at 786). Finally, the Second Circuit has held generally that, "if removal was *statutorily improper*, a party opposing removal must move to remand within the 30 day limitation or the objection will be forfeited (except for objections that implicate constitutional subject matter jurisdiction such as lack of diversity or a federal question)."  *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 416 (2d Cir. 2004), *cert. dismissed*, *KFC U.S. Props., Inc. v. Williams*, 544 U.S. 1012 (2005) (emphasis added).

Accordingly, this Court will follow the rule established in the *Ayers* case and supported by the Second, Fifth, and Ninth Circuit Courts of Appeals.  The wrongful removal of Plaintiff's claim was a procedural defect.  Therefore, as long as subject matter jurisdiction can be independently established, Plaintiff waived his right to object to removal under 28 U.S.C. § 1447(c), because he filed his Motion for Remand more than thirty days after Defendant filed its Notice of Removal.  Consequently, Plaintiff has waived his objection to the removal of this case.

<u>CONCLUSION</u>

For the reasons stated above, Plaintiffs' Motion for Remand is DENIED.  A separate Order follows.

Dated: November 21, 2006                        /s/_____
                                                Richard D. Bennett
                                                United States District Judge